PER CURIAM.
Kimberly Mathis (Mathis) appeals a final summary judgment entered in her negligence suit against Sacred Heart Health System, Inc. (Sacred Heart). Mathis argues that the trial court erred in its determination that workers’ compensation immunity applies to Sacred Heart under section 440.11(1), Florida Statutes. Because there is no evidence that Sacred Heart subcontracted “contract work” within the meaning of section 440.10(l)(b), Florida Statutes, we reverse and remand for further proceedings.
I.
Sacred Heart, as the owner of Nemours Children’s Clinic, contracted with Coverall Service Company (Coverall) to provide cleaning services at Nemours. Mathis was an employee of Coverall and sustained a slip and fall injury while cleaning at Nem-ours. After receiving worker’s compensation benefits from Coverall, Mathis filed suit against Sacred Heart alleging negligence. The trial court granted Sacred Heart’s motion for summary judgment on the ground that Sacred Heart, as Mathis’ statutory employer, was immune from civil liability under section 440.11(1), Florida Statutes. This appeal followed.
II.
Whether the workers’ compensation immunity of section 440.11(1) applies to Sacred Heart depends on whether Sacred Heart was a so-called “statutory employer” of Mathis pursuant to section 440.10(l)(b), Florida Statutes, which provides as follows:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Sacred Heart would be considered a “statutory employer” under this provision if it was performing “contract work” for a third party and that it sublet a part of that contract work to Coverall, whose employee, Mathis, was injured. See Rabon v. Inn of Lake City, Inc., 693 So.2d 1126, 1129 (Fla. 1st DCA 1997); Antinarelli v. Ocean Suite Hotel, 642 So.2d 661, 662 (Fla. 1st DCA 1994). Sacred Heart argues that its patients were the third party for whom it sublet “contract work” to Coverall. “It is well established ... that to satisfy section 440.10(l)(b), the contractual obligation may be implied, and does not need to be pursuant to an express provision in a written contract.” Mitchell v. Osceola Cty. Sch. Bd., 159 So.3d 334, 336 (Fla. 1st DCA 2015) (citing Rabon, 693 So.2d at 1129). In other words, the “contract work” to which section 440.10(l)(b) refers may arise from an implied in fact contract. Rabon, 693 So.2d at 1130. If the undisputed material facts in the record are sufficient to establish that Sacred Heart had a contractual obligation to provide cleaning services for its patients and that it subcontracted such work to Coverall, then it is entitled to the worker’s compensation immunity of section 440.11(1).
Mathis rightly contends that this case is controlled by our decision in Rabón. In Rabón, a security guard employed by *953 Wells Fargo brought a civil action against a hotel for an injury she suffered while patrolling its premises. Id. at 1128. The trial judge granted summary judgment in favor of the hotel, ruling that the hotel was immune from civil liability as the security guard’s statutory employer because the hotel owed an implied contractual obligation to its guests to provide security services, which the hotel sublet to Wells Fargo. Id. at 1132. This court ruled that no evidence supported the trial court’s conclusion:
In the instant case, the contract which the trial court implied was not based upon any evidence. Even though a contract implied in fact may exist between an innkeeper and its guest, the scope of the implied contract is a matter of proof. Here, there is a complete dearth of evidence regarding the terms of any contract between [the hotel] and its patrons. There are certainly no facts in the record at the current stage of the litigation which might establish that the [the hotel] had a contractual obligation to provide security guard service.
Id. (emphasis in original). The absence of evidence regarding the existence of a contract was “critical” because the nature of the contract between a contractor and a third party “controls the resolution of the statutory employment relationship.” Id. In order for the hotel’s obligation to provide safe premises to provide a basis for statutory employer immunity under section 440.10(l)(b), it had to arise “primarily from its contract with its customers,” rather than its “general duty to exercise reasonable care.” Id. “Because there is no evidence of such a contractual obligation sublet" to Wells Fargo, the trial court erred in granting summary judgment based on statutory employer immunity under section 440.10(l)(b).” Id. at 1128.
Like Rabón, the limited record in this case does not contain any evidence of an express or implied contract between Sacred Heart and a third party. In particular, the record contains no evidence showing that Sacred Heart owed a contractual obligation to its patients to provide cleaning services. Without such evidence, the trial court could not have determined that Sacred Heart sublet “contract work” to Coverall.
III.
Because there is a genuine issue of fact regarding the applicability of workers’ compensation immunity to Sacred Heart, we reverse and remand for proceedings consistent with this opinion.
LEWIS, SWANSON, and WINOKUR, JJ., concur.